1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9   CLARISA MENDEZ, on behalf of minor
    L.A.L.,                                     Case No.  1:17-cv-00092-SKO
10
                                                **ORDER APPOINTING GUARDIAN AD**
11                    Plaintiff,                 **LITEM AND GRANTING APPLICATION**
                                                **TO PROCEED IN FORMA PAUPERIS**
12          v.                                   **(Docs. 2 & 3)**
13
14  COMMISSIONER OF SOCIAL SECURITY,
15                    Defendant.
    _____/
16
17
18          Before the Court are the Motion to Appoint Clarisa Mendez as Guardian Ad Litem for
19  Minor Plaintiff (the "Motion to Appoint"), (Doc. 2), and Plaintiff's Application to Proceed
20  Without Prepayment of Fees and Affidavit (the "IFP Application"), (Doc. 3).  For the reasons that
21  follow, the Court GRANTS both the Motion to Appoint, (Doc. 2), and the IFP Application, (Doc.
22  3).
23          Turning first to the Motion to Appoint, Federal Rule of Civil Procedure 17(c)(2) provides
24  that "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or
25  by a guardian ad litem."  Rule 17(c)(2) further states that "[t]he court must appoint a guardian ad
26
27  litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an
28

action." "The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014).

Rule 17(b) "governs the determination of a plaintiff's capacity, and provides that the process of a guardian ad litem's appointment is controlled by the law of the plaintiff's domicile." *Jurgens v. Dudendorf*, No. 2:14–cv–02780 KJM DAD, 2015 WL 4910536, at *5 (E.D. Cal. Aug. 17, 2015) (citing Fed. R. Civ. P. 17(b)). Here, Plaintiff's counsel represents that Plaintiff "resides in Fresno, California." (Doc. 2 at 2.) "Under California law, an individual under the age of eighteen is a minor . . . ." *D.C. v. United States*, Case No.: 1:15-cv-01646-JLT, 2015 WL 6707546, at *1 (E.D. Cal. Nov. 3, 2015) (citing Cal. Fam. Code § 6502). Plaintiff's counsel represents that Plaintiff "is a minor under California law." (Doc. 2 at 2.) Absent any indication to the contrary, the Court finds that Plaintiff is a minor for purposes of this analysis.

Under California law, "[a] guardian ad litem may be appointed to represent the minor's interests." *D.C.*, 2015 WL 6707546, at *1 (citing Cal. Code Civ. P. § 372(a)). "In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests." *Id.* (citing Cal. Code Civ. P. § 372(b)(1)). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Superior Court*, 147 Cal. App. 4th 36, 49 (2007) (citation omitted). "[I]f the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

In this case, Plaintiff's counsel requests that the Court appoint Plaintiff's mother, Clarisa Mendez, as Plaintiff's guardian ad litem. (Doc. 2 at 3.) Plaintiff's counsel further states "that Ms. Mendez has no conflicting interests with that of her son in this matter and is representing the interests of her son." (*Id.*) The Court notes that there is no indication in the record that Ms.

Mendez has an interest that conflicts with Plaintiff's interests.  As such, the appointment of Ms. Mendez as the guardian ad litem is appropriate.  *See, e.g.*, *D.C.*, 2015 WL 6707546, at *1 (appointing the plaintiff's parent as guardian ad litem where "it [did] not appear" that the parent had "conflicting interests").

For these reasons, the Court GRANTS the Motion to Appoint.  (Doc. 2.)  Accordingly, the Court ORDERS that Plaintiff's mother, Clarisa Mendez, is appointed to act as guardian ad litem for Plaintiff L.A.L. and is authorized to prosecute this action on Plaintiff's behalf.

Turning next to the IFP Application, the Court finds that this filing demonstrates entitlement to proceed without prepayment of fees.  (Doc. 3.)  As such, the Court ORDERS the following:

1) Plaintiff's IFP Application, (Doc. 3), is GRANTED;

2) The Clerk of Court is DIRECTED to issue a summons; and

3) The United States Marshal is DIRECTED to serve a copy of the Complaint, summons, and this order upon Defendant as directed by Plaintiff.

IT IS SO ORDERED.

Dated:   **March 8, 2017**                          /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

3